UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| Dennis Jacobs, | ) | Civil Action No.: 0:17-cv-2453-AMQ |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| | ) | **ORDER** |
| Lt. Maultrie, Cpl. Lashonda Murphy, Sgt, Mack, Officer Suggs, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the Court because of the failure of Plaintiff Dennis Jacobs ("Plaintiff") to comply with this Court's Order of June 26, 2018. (ECF No. 54).

A review of the record indicates that Plaintiff, proceeding *pro se*, brought this civil rights action seeking relief pursuant to 42 U.S.C. § 1983 on September 12, 2017. (ECF No. 1.) Pursuant to 28 U.S.C. § 636(b) (1)(B) and Local Civil Rule 73.02(B)(2)(d) DSC, the case was assigned to Magistrate Judge Paige G. Gossett for pretrial handling. On January 25, 2018, the defendants filed a Motion for Summary Judgment. (ECF No. 29.) On January 24, 2018, the Magistrate Judge issued an order pursuant to *Roseboro v. Garrison,* 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the dismissal and summary judgment procedures and the possible consequences if he failed to respond adequately. (ECF No. 30.) Plaintiff failed to timely respond to the motion for summary judgment as directed by the order. Thus, the Magistrate Judge entered a second order on March 5, 2018, advising Plaintiff that it appeared to the Court that he was not opposing the motion and wished to abandon this action, and giving the plaintiff an additional fourteen (14) days in which to file his response to the defendants' motion for summary judgment. (ECF No. 34.) Plaintiff was

1

specifically warned that if he failed to respond to the motion, the action would be recommended for dismissal with prejudicial for failure to prosecute. (ECF No. 34 at 2.)

Although the Court never received a return of the orders to the Clerk of Court as undeliverable mail or notification from Plaintiff of an address change, in an abundance of caution the Magistrate Judge ordered that Defendants re-serve their motion at a new address as indicated on a previous filing. (ECF No. 40.) The Magistrate Judge also entered another *Roseboro* order on March 20, 2018, advising Plaintiff of the dismissal and summary judgment procedures and the possible consequences if Plaintiff failed to respond to the pending motion for summary judgment. (ECF No. 44.) Plaintiff never responded to the Motion for Summary Judgment or the Court's orders. Thus, on April 26, 2018, the Magistrate Judge issued a Report and Recommendation to this Court, outlining its previous orders and warnings to Plaintiff, and recommending that this action be dismissed with prejudice for lack of prosecution, in accordance with *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919 (4th Cir. 1982) and *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) (stating that magistrate judge's prior explicit warning that a recommendation of dismissal would result from the plaintiff failing to obey his order was proper grounds for the district court to dismiss the suit when the plaintiff did not comply despite the warning). (ECF No. 49.)

On May 14, 2018, Plaintiff filed objections to the Report and Recommendation indicating that he would like to proceed with his lawsuit but indicating that he did receive the Motion for Summary Judgment on March 5, 2018. (ECF No. 51.) Plaintiff's objection however, did not respond to the Motion for Summary Judgment or the arguments raised by Defendants therein. Liberally construing Plaintiff's objection as a motion for extension of time to respond to the Motion for Summary Judgment, on June 26, 2018, the undersigned granted Plaintiff an additional fourteen (14) days to respond to the Motion for Summary Judgment. (ECF No. 54.) At that time,

the Court warned Plaintiff that he had been afforded substantial time an opportunity to respond to the Motion for Summary Judgment, and that this matter might be dismissed pursuant to Rule 41 of the Federal Rules of Civil Procedure by this United States District Judge. A response to the Motion for Summary Judgment was due by July 13, 2018. However, no response has been filed to date.

Plaintiff's lack of response to the Order indicates an intent to not continue prosecuting this case and subjects this case to dismissal. *See* Fed. R. Civ. P. 41(b)(district courts may dismiss an action if a Petitioner fails to comply with "any order of the court."); *see also Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989)(dismissal with prejudice appropriate where warning given); *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982)(court may dismiss *sua sponte*). The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962). In addition to its inherent authority, this court may also *sua sponte* dismiss a case for lack of prosecution under Fed. R. Civ. P. 41(b).

Here, Plaintiff is personally responsible for the lack of diligence in prosecuting this matter and his failure to comply with the Court's orders and warnings. At the same time, Defendants have been prejudiced by the dilatory conduct of Plaintiff, and no less drastic sanctions appear to exist. Thus, this Court finds that all of the factors set forth in *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir. 1982) are satisfied. Based on the plaintiff's failure to respond to the court's June 26, order, the undersigned concludes Plaintiff does not intend to pursue the above-captioned matter.

Accordingly, the Court declines to adopt the Report and Recommendation because it construes the objections as a motion for an extension of time in which to file a response to the Motion for Summary Judgment. Plaintiff, however, failed to respond or comply with this Court's order, even after this Court afforded Plaintiff additional time. Therefore, this Court dismisses this case *with prejudice* for failure to prosecute and failure to comply with this Court's orders pursuant to Federal Rule of Civil Procedure 41. The Report and Recommendation and all pending motions are rendered moot. The Clerk of Court shall close the file.

**IT IS SO ORDERED.**

/s/ A. Marvin Quattlebaum, Jr.
United States District Judge

July 16, 2018
Greenville, South Carolina